[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bollar*, Slip Opinion No. 2022-Ohio-4370.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4370

THE STATE OF OHIO, APPELLEE, *v*. BOLLAR, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bollar*, Slip Opinion No. 2022-Ohio-4370.]**

*Criminal law—R.C. 2929.14(B)(1)(g)—R.C. 2941.25(A)—R.C. 2929.14(B)(1)(g) permits imposing prison sentences for multiple firearm specifications attached to felonies committed as part of the same act or transaction when the underlying offenses to which those specifications are attached have been merged—Judgment affirmed.*

(Nos. 2021-0756 and 2021-0769—Submitted April 13, 2022—Decided December 9, 2022.)

APPEAL from and CERTIFIED by the Court of Appeals for Stark County, No. 2020 CA 00077, 2021-Ohio-1578.

_____

**FISCHER, J.**

**{¶ 1}** In this case, we are asked to determine whether an offender must receive separate prison terms for multiple firearm specifications when the criminal offenses to which those firearm specifications are attached have been merged as allied offenses. Because the plain language of R.C. 2929.14(B)(1)(g) requires that certain offenders receive prison terms for multiple specifications, we hold that imposing separate prison terms for multiple firearm specifications is required in situations like the one in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 2}** Appellant, Marquis Bollar, pleaded guilty to three felonies: involuntary manslaughter, felonious assault, and having weapons while under a disability. The count for each offense was accompanied by a firearm specification.

**{¶ 3}** During the sentencing hearing, Bollar argued that the involuntary-manslaughter and felonious-assault counts should be merged for purposes of sentencing. Appellee, the state, argued that R.C. 2929.14(B)(1)(g) required that sentences for two of the three firearm specifications run consecutively to each other and consecutively to the sentence for the underlying offense. Bollar countered that because the three firearm specifications arose from one act by one person, a sentence on only one specification could be imposed.

**{¶ 4}** The trial court merged the involuntary-manslaughter and felonious-assault counts; however, it imposed a three-year prison term for each of the firearm specifications linked to those counts.

**{¶ 5}** The Fifth District Court of Appeals affirmed in a two-to-one decision. 2021-Ohio-1578, 172 N.E.3d 499, ¶ 32. In doing so, the appellate court rejected Bollar's argument that because the involuntary-manslaughter and felonious-assault counts merged, he could be sentenced for only one firearm specification. *Id.* at ¶ 13. The court reasoned that R.C. 2929.14(B)(1)(g) prescribes that if an offender pleads guilty to felonious assault and one or more additional felonies and if that

offender pleads guilty to a firearm specification in connection with those felonies, then the sentencing court must impose a mandatory prison term for each of the two most serious specifications to which the offender has pleaded guilty. *Id.* at ¶ 20. The court emphasized that even though the involuntary-manslaughter and felonious-assault counts merged for the purpose of sentencing, Bollar's pleas of guilty to those offenses did not cease to exist. *Id*. at ¶ 21. The court further noted that no double-jeopardy concerns exist when imposing separate prison terms for multiple firearm specifications under R.C. 2929.14(B)(1)(g), because the legislature has specifically authorized this cumulative punishment. *Id*. at ¶ 25. Because Bollar met the requirements of R.C. 2929.14(B)(1)(g), the Fifth District concluded that the trial court properly imposed separate prison terms for the firearm specifications attached to his pleas of guilty to involuntary manslaughter and felonious assault. *Id.* at ¶ 29.

{¶ 6} A dissenting judge reasoned that without the imposition of a sentence for the felonious-assault count, the trial court lacked the "ability to impose a related sentence-enhancing specification." *Id.* at ¶ 36 (Wise, J., dissenting). In so concluding, the dissenting judge noted that he agreed with the analyses set forth in the Ninth District's decision in *State v. Roper*, 9th Dist. Summit Nos. 26631 and 26632, 2013-Ohio-2176, and in the Eighth District's decision in *State v. Doyle*, 2019-Ohio-979, 133 N.E.3d 890 (8th Dist.). 2021-Ohio-1578 at ¶ 38-40 (Wise, J., dissenting).

{¶ 7} On Bollar's motion, the Fifth District certified that its decision was in conflict with the decisions in *Roper* and *Doyle*. We subsequently determined that a conflict exists and ordered briefing on the following issue:

> Whether Ohio's legislature has specifically authorized cumulative punishments for multiple firearm specifications that were committed as part of the same act or transaction under the narrowly

tailored, specifically designated circumstances set forth in R.C. 2929.14(B)(1)(g), when the underlying felonies attendant to the firearm specifications are merged at sentencing as allied offenses of similar import pursuant to R.C. 2929.14(C)(4).

164 Ohio St.3d 1409, 2021-Ohio-2795, 172 N.E.3d 178. We also accepted jurisdiction over the sole proposition of law in Bollar's discretionary appeal: "Trial courts cannot impose a prison sentence for a specification attached to an offense that merged under R.C. 2941.25 and did not result in a conviction." *See* 164 Ohio St.3d 1410, 2021-Ohio-2795, 172 N.E.3d 179. We sua sponte consolidated the two cases for briefing. *Id.*

## ANALYSIS

{¶ 8} Bollar argues that a person cannot be sentenced for a firearm specification unless the person was convicted of the underlying offense. Bollar asserts that because he was not convicted of the merged count of felonious assault, he cannot be sentenced for the specification attached to that count. He further argues that to uphold the Fifth District's decision, this court would have to overrule *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, and conclude that R.C. 2929.14(B)(1)(g) provides an exception to merger.

{¶ 9} The state responds that the plain language of R.C. 2929.14(B)(1)(g) requires the result reached by the Fifth District below.

{¶ 10} As we have explained before, when analyzing an issue of statutory interpretation, " '[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact.' " *State v. Hudson*, ___ Ohio St.3d ___, 2022-Ohio-1435, ___ N.E.3d ___, ¶ 21, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. If the statute's language is plain and unambiguous, we apply it as written. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52,

citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

**{¶ 11}** R.C. 2929.14(B)(1)(b) provides, in relevant part, that "[e]xcept as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction."

**{¶ 12}** As explicitly noted in R.C. 2929.14(B)(1)(b), the general rule in that statute is subject to the exception set forth in R.C. 2929.14(B)(1)(g), which provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶ 13}** In resolving the conflict that exists among the courts of appeals regarding whether R.C. 2929.14(B)(1)(g) permits imposing sentences for multiple firearm specifications for felonies that were committed as part of the same act or

transaction when the underlying offenses have been merged, we begin by reviewing the principles set forth in this court's previous decisions in this area of the law.

{¶ 14} In *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 23, this court emphasized that R.C. 2941.25(A) prohibits " 'convictions' " for allied offenses. In interpreting that statute, the court stated that "a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or a penalty." (Emphasis sic.) *Id.* at ¶ 24. The significance of the *Whitfield* decision rests in the fact that when allied offenses are merged, if the judgment of conviction on the offense for which the defendant was sentenced is reversed on appeal, the state may seek to have the defendant sentenced on remand for the merged offense. *See id.* at ¶ 25.

{¶ 15} In *Whitfield*, this court defined "conviction" as encompassing both a guilty verdict and the imposition of a sentence. *Id.* at ¶ 24. This definition may be seen as creating tension with R.C. 2929.14(B)(1)(g), which applies when "an offender is convicted of or pleads guilty to" multiple felonies and firearm specifications. In that statute, "convicted" can mean only "found guilty"; it cannot be read to include that the offender's sentence has also been imposed, because that statute provides that a sentence will be imposed only *if* the offender is convicted (i.e., found or pleaded guilty).

{¶ 16} We now clarify that this court's definition of "conviction" in *Whitfield* does not apply to R.C. 2929.14(B)(1)(g). In applying that statutory provision, we simply use the plain meaning of "convicted": found guilty. *See Black's Law Dictionary* 421-422 (11th Ed.2019) (defining the verb "convict" as "to find (a person) guilty of a criminal offense upon a criminal trial * * * [or] a plea of guilty"). As the Eighth District acknowledged in *Doyle*, the plain language of R.C. 2929.14(B)(1)(g) indicates that a firearm specification survives merger when the offender pleads guilty to an underlying offense that is ultimately merged. 2019-Ohio-979, 133 N.E.3d 890, at ¶ 24.

6

**{¶ 17}** The Eighth District avoided this reading of the statute by looking to this court's decision in *Ford*. Specifically, the Eighth District relied on language in *Ford* providing that a " ' "firearm specification *is contingent upon an underlying felony conviction*" ' " (emphasis added in *Doyle*), *Doyle* at ¶ 19, quoting *Roper*, 2013-Ohio-2176, at ¶ 10, quoting *Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16. We note that the court in *Ford* also provided that a firearm specification is "a sentence enhancement that attaches to a predicate offense." *Id.* at ¶ 16.

**{¶ 18}** We emphasize, however, that the analysis in *Ford* centered on the question whether the underlying criminal offense and a firearm specification are allied offenses subject to merger under R.C. 2941.25, with this court holding that they do not merge. *Ford* at paragraphs one and two of the syllabus. Thus, *Ford* does not speak directly to the issue before us today: whether an offender can be sentenced on a firearm specification that accompanied a merged count. Because *Ford* does not address that issue, our analysis in that case is irrelevant to our application of the plain language of R.C. 2929.14(B)(1)(g) in this case.

**{¶ 19}** We conclude that the approach taken by the Eighth District in *Doyle* and by the Ninth District in *Roper* is in tension with the plain language of R.C. 2929.14(B)(1)(g). As noted above, that statute requires that the offender receive prison terms for each of the two most serious firearm specifications when the offender pleads guilty to multiple felony offenses (and at least one of those is a felony listed in the statute) and also pleads guilty to multiple accompanying specifications. The statute makes no exception to the application of its provisions if one of the underlying felony offenses has been merged. Instead, it simply applies whenever the offender has pleaded guilty to (or been found guilty of) multiple felony offenses and multiple specifications. Here, Bollar pleaded guilty to multiple felonies and multiple specifications. Thus, according to the plain language of the

statute, he must receive prison terms for the two most serious specifications to which he pleaded guilty.

{¶ 20} This application of the plain language of the statute furthers the apparent legislative goal in enacting R.C. 2929.14(B)(1)(g). In requiring that offenders like Bollar be subject to separate prison terms for multiple firearm specifications, the General Assembly appears to have acknowledged that the use of firearms in certain violent crimes should carry a hefty penalty. As the Fifth District acknowledged below, double-jeopardy protections are not violated when the legislature specifically authorizes cumulative punishment. 2021-Ohio-1578, 172 N.E.3d 499, at ¶ 25. Thus, while one could argue that common sense dictates that an offender should not be sentenced on a specification when the offender has not been sentenced on the underlying criminal offense, the General Assembly exercised its discretion in requiring that the sentence include separate prison terms for multiple specifications. This court defers to that legislative choice. If the General Assembly determines that this should no longer be the law in Ohio, the legislature may use its discretion to amend R.C. 2929.14(B)(1)(g) to require a different approach.

{¶ 21} We note that R.C. 2941.25's merger provision does not override R.C. 2929.14(B)(1)(g), as the latter is the more specific and more recently enacted statute. *See RadLAX Gateway Hotel, L.L.C.*, *v. Amalgamated Bank*, 566 U.S. 639, 645, 132 S.Ct. 2065, 182 L.Ed.2d 967 (2012) (a specific provision is construed as an exception to a more general one); *Natl. Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007) (a later-enacted statute can operate to amend or repeal an earlier provision). Because R.C. 2929.14(B)(1)(g) was enacted after R.C. 2941.25, *see* 2008 Sub.S.B. No. 184 and Am.Sub.H.B. No. 511, Section 1, 134 Ohio Laws, Part II, 1866, 1994, and because R.C. 2929.14(B)(1)(g) directly addresses the specific sentencing scenario at issue

in this case, we are compelled to apply the plain language of that statute in resolving the conflict before us.

{¶ 22} A different conclusion is reached in the dissenting opinion, which relies on R.C. 2929.14(B)(1)(b)'s provision that "a court shall not impose more than one prison term * * * for felonies committed as part of the same act or transaction." The analysis of the dissenting opinion centers on the "transaction" portion of R.C. 2929.14(B)(1)(b); it reasons that the question whether offenses were committed as part of the same transaction is distinct from the question whether offenses are allied offenses of similar import.

{¶ 23} Ultimately, this is a distinction without a difference, because R.C. 2929.14(B)(1)(b) does not apply in this case.   As noted above, R.C. 2929.14(B)(1)(b) sets forth a general rule that is explicitly limited by R.C. 2929.14(B)(1)(g).  And R.C. 2929.14(B)(1)(g) requires that courts impose prison terms for the two most serious firearm specifications "of which the offender is convicted or to which the offender pleads guilty."  In reaching its conclusion, the dissenting opinion discounts our conclusion that as used in R.C. 2929.14(B)(1)(g), "convicted" can mean only "found guilty."  In doing so, the dissenting opinion effectively rewrites R.C. 2929.14(B)(1)(g) to strike the phrase "convicted of or pleads guilty to" and replace it with "sentenced on."

{¶ 24} In other words, whereas the plain language of R.C. 2929.14(B)(1)(g) requires courts to impose prison terms for the two most serious firearm specifications when an offender "is convicted of or pleads guilty to two or more felonies," the dissenting opinion would require courts to impose prison terms for such specifications only when an offender "is sentenced on two or more felonies." Such an alteration of the statutory language is beyond the province of the judiciary, and if such a change to R.C. 2929.14(B)(1)(g) is to be made, it must be made by the General Assembly.

**CONCLUSION**

{¶ 25} Because the plain language of R.C. 2929.14(B)(1)(g) requires that offenders like Bollar receive separate prison terms for convictions on multiple firearm specifications, we answer the certified-conflict question in the affirmative and affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY and DEWINE, JJ., concur.

DONNELLY, J., dissents, with an opinion joined by STEWART and BRUNNER, JJ.

———————————

**DONNELLY, J., dissenting.**

{¶ 26} Respectfully, I dissent. There is no tension between the two statutes at issue in this appeal. One statute, R.C. 2941.25(A), dictates whether a trial court must merge allied offenses of similar import *prior* to imposing sentences. The other statute, R.C. 2929.14(B)(1), governs one aspect of a trial court's decision *during* sentencing. It dictates whether the trial court must enhance the penalty for certain groups of felony offenses by imposing a prison term for only one firearm specification or by imposing prison terms for two or more firearm specifications. *See id.* Whatever the number of sentence enhancements imposed, any prison term that is imposed for a firearm specification must run prior to and consecutively to "any prison term imposed for the *underlying felony*." (Emphasis added.) R.C. 2929.14(C)(1)(a). Because a trial court may not impose a sentence for an offense that has been merged, there is no sentence to enhance for the merged offense and there is no "underlying felony" to which a prison term for a firearm specification can attach. And because all sentences under Ohio law are defined as penalties "imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense," R.C. 2929.01(EE), the fact that R.C. 2929.14(B)(1)(g) refers to imposing prison terms for firearm specifications "of which the offender is

10

convicted or to which the offender pleads guilty," is not the least bit special, let alone a signal to override R.C. 2941.25.

{¶ 27} Appellant, Marquis Bollar, pleaded guilty to three felony offenses: involuntary manslaughter, felonious assault, and having a weapon while under a disability. Bollar also pleaded guilty to the firearm specifications that were attached to each of the three offenses. At the plea and sentencing hearing, the trial court merged the offenses of involuntary manslaughter and felonious assault, leaving two offenses for which the trial court could impose sentences: involuntary manslaughter and having a weapon while under a disability. I would conclude that the trial court erred when it imposed a prison term for the firearm specification attached to the felonious-assault count, because that count no longer existed for purposes of sentencing. Instead, the trial court should have imposed a prison term for the firearm specification attached to the having-a-weapon-while-under-a-disability count. I would therefore remand the cause to the trial court with instructions to vacate the prison sentence that was imposed for the firearm specification attached to the felonious-assault offense and to impose a prison sentence for the firearm specification attached to the having-a-weapon-while-under-a-disability offense.

### Standard of Review

{¶ 28} Our standard of review in cases that turn on the meaning of statutes is de novo. *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, 82 N.E.3d 1105, ¶ 8. When a statute is unambiguous, courts must apply it rather than interpret it. *Specialty Restaurants Corp. v. Cuyahoga Cty. Bd. of Revision*, 96 Ohio St.3d 170, 2002-Ohio-4032, 772 N.E.2d 1165, ¶ 11. Only ambiguous language requires deciphering. *See Wingate v. Hordge*, 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979); *Carney v. Shockley*, 2014-Ohio-5829, 26 N.E.3d 1228, ¶ 33 (7th Dist.) (DeGenaro, P.J., concurring in judgment only) ("Courts are guided by canons of statutory construction when asked to construe ambiguous statutory language in order to decipher legislative intent").

We may not create ambiguity or "modify an unambiguous statute under the guise of judicial interpretation." *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.*, 52 Ohio St.3d 144, 148, 556 N.E.2d 467 (1990). Nor may we create a conflict between statutes that are capable of being harmonized. *Humphrys v. Winous Co.*, 165 Ohio St. 45, 133 N.E.2d 780 (1956), paragraph one of the syllabus ("Where there are contradictory provisions in statutes and both are susceptible of a reasonable construction which will not nullify either, it is the duty of the court to give such construction thereto").

### *Law and Analysis*

{¶ 29} The Fifth District Court of Appeals certified that its decision here was in conflict with *State v. Doyle*, 2019-Ohio-979, 133 N.E.3d 890 (8th Dist.) and *State v. Roper*, 9th Dist. Summit Nos. 26631 and 26632, 2013-Ohio-2176, in which the Eighth and Ninth District Courts of Appeals held that no prison term could be imposed for a firearm specification that was attached to an offense that had been merged for purposes of sentencing. *Doyle* at ¶ 27; *Roper* at ¶ 11. The majority's assertion that the approach taken by the courts of appeals in *Doyle* and *Roper* is "in tension with the plain language of R.C. 2929.14(B)(1)(g)," majority opinion, ¶ 19, is simply untrue. R.C. 2929.14(B)(1)(g) allows the trial court to impose multiple prison sentences for firearm specifications that are attached to offenses that are committed as part of the same transaction but are not subject to merger. It does not allow the imposition of separate prison sentences for firearm specifications that are attached to allied offenses of similar import that have been merged.

{¶ 30} Three statutory provisions inform this analysis. The first is the statute governing the merger of certain offenses: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such *offenses*, but the defendant may be convicted of only one." (Emphasis added.) R.C. 2941.25(A). This court has held that R.C. 2941.25 does not prohibit the state from proceeding

12

to trial on all the offenses in an indictment, including allied offenses of similar import. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 21, citing *State v. Weind*, 50 Ohio St.2d 224, 236, 364 N.E.2d 224 (1977). The statute also does not require the vacatur or dismissal of the "guilt determination" for allied offenses that have been merged. *Id.* at ¶ 27. But at some point before sentencing, allied offenses must merge and the state must elect which of the allied offenses it wants to seek sentencing for. *Id.* at ¶ 23-24. After the state makes its selection, the trial court imposes a sentence for the selected offense. *Id.*

**{¶ 31}** The second statutory provision that is critical to the analysis is R.C. 2929.14(B)(1)(b), which governs the merger of specifications in R.C. 2929.14(B)(1)(a) that may apply when a defendant commits a felony offense and either has a firearm "while committing the offense," R.C. 2929.14(B)(1)(a)(i) through (vi), or uses the firearm in any way "to facilitate the offense," R.C. 2929.14(B)(1)(a)(ii) and (v). The general rule in R.C. 2929.14(B)(1)(b) is, "Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." R.C. 2929.14 is included among statutes that apply at the stage of a criminal proceeding in which the trial court imposes a "sentence," which is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). When a trial court makes its sentencing determinations under R.C. 2929.14 and other applicable statutes, any allied offenses of similar import have already merged and the state has already elected which offenses to pursue for purposes of sentencing. *Compare State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 3 (holding that a trial court cannot impose sentences on allied offenses of similar import and purport to merge the offenses thereafter), *abrogated on other grounds by State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776.

**{¶ 32}** Allied offenses of similar import are offenses committed in the same time frame and with the same animus that are so similar that commission of one will result in the commission of the other. *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14, *abrogated in part by State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, *abrogated in part by State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. The "same act or transaction" referred to in R.C. 2929.14(B)(1)(b) is a broader category than allied offenses. Multiple felony offenses can be committed as part of the same transaction without being allied offenses of similar import. Transactions are " ' "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." ' " *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 WL 259529, *12 (Dec. 4, 1991), quoting *State v. Hague*, 9th Dist. Summit No. 13859, 1989 WL50683, *1 (May 10, 1989). "The words 'same offense' mean same offense, not the same transaction, not the same acts * * *." *State v. Rose*, 89 Ohio St. 383, 386, 106 N.E. 50 (1914). Thus, even if felony offenses are not allied offenses of similar import and therefore have not been merged prior to sentencing, any firearm specifications accompanying those offenses must be merged into one specification under R.C. 2929.14(B)(1)(b) if the offenses subject to sentencing were "committed as part of the same act or transaction."

**{¶ 33}** The third statutory provision that is relevant to this analysis is R.C. 2929.14(B)(1)(g):

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described

14

under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the *two most serious specifications* of which the offender is convicted or to which the offender pleads guilty * * *.

(Emphasis added.) R.C. 2929.14(B)(1)(g) provides an exception to R.C. 2929.14(B)(1)(b), and that exception is triggered when a defendant is convicted of or pleads guilty to one or more of the listed offenses. Of note, the severity of the prison sentences that may be imposed varies among the different firearm specifications listed in R.C. 2929.14(B)(1)(a)—ranging from a one-year prison term, R.C. 2929.14(B)(1)(a)(iii), to a nine-year prison term, R.C. 2929.14(B)(1)(a)(iv). Although R.C. 2929.14(B)(1)(g) states that each specification exists "in connection with" an underlying felony, it commands a sentencing court to impose prison terms for the two most serious specifications, irrespective of the seriousness of the connected felony. This means that the two specifications for which the trial court imposes prison terms might ultimately not even be connected to the felony that triggered the application of R.C. 2929.14(B)(1)(g).

{¶ 34} If a trial court were to apply the foregoing statutory schemes as written, it could impose all applicable sentencing enhancements to the offenses that remain after merger, but it could not impose a sentence for any specifications attached to the counts that were merged. The majority reaches the opposite conclusion based on what it purports to be an application of the plain language of the applicable statutes, but the majority's analysis belies this claim. Instead, the majority opinion creates ambiguity by focusing on the discussion of R.C. 2941.25 in *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.3d 182, *see* majority opinion at ¶ 14-15; then, it rather summarily declares what it purports to be the plain

meaning of R.C. 2929.14(B)(1)(g), *see id.* at ¶ 16, and finally, it justifies its declaration by employing analyses that are proper only when deciphering ambiguous statutory language, *see id.* at ¶ 20-21.

{¶ 35} The majority finds it important that both R.C. 2929.14(B)(1)(g) and *Whitfield* use the term "convicted" and yet the term has different meanings in each context. It is not important, at least not in the way the majority claims.

{¶ 36} This court recognized in *Whitfield* that R.C. 2941.25 is meant to incorporate the double-jeopardy prohibition against "multiple punishments" for the same offense, *id*. at ¶ 7, and we concluded that although the statute says there can be only one *conviction* for allied offenses, the statute actually forbids more than one *sentence* for such offenses, *id.* at ¶ 26. This court primarily justified its conclusion by citing a variety of previous decisions in which this court concluded that "for purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty." (Emphasis sic.) *Id.* at ¶ 12 (listing cases). The court further justified its reasoning by quoting the Legislative Service Commission Summary that accompanied the enactment of R.C. 2941.25: " '[T]he prosecution *sooner or later* must elect as to which offense it wishes to pursue.' " (Emphasis added in *Whitfield*.) *Whitfield* at ¶ 20, quoting Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code 69 (June 1973). This court concluded that the Summary implies that under R.C. 2941.25, "the state has latitude in determining when to decide which offense to pursue at sentencing." *Id.* at ¶ 20.

{¶ 37} The dissenting opinion in *Whitfield* pointed out that the majority's definition of "convicted" for purposes of R.C. 2941.25 is inconsistent with all other references to the term "convicted" in R.C. Title 29:

[T]he use of the term "convicted" throughout the Revised Code, while not defined, clearly implies only the finding of guilt.

See, e.g., R.C. 2929.01(EE) (" '*Sentence*' means the sanction or combination of sanctions imposed by the sentencing court on an offender who is *convicted* of or pleads guilty to an offense") (emphasis added); R.C. 2929.19(A) ("The court shall hold a sentencing hearing before imposing *a sentence* under this chapter upon an offender who was *convicted* of or pleaded guilty to a felony * * *") (emphasis added); R.C. 2929.16(E) ("If a person who has been *convicted* of or pleaded guilty to a felony is *sentenced* to community residential sanction") (emphasis added); R.C. 2930.19(C) ("The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a *conviction*, *sentence*, adjudication, or disposition, or for granting postconviction release to a defendant or alleged juvenile offender") (emphasis added).

*Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.3d 182, at ¶ 33 (Lanzinger, J., dissenting). Thus, we already know that this court's definition of the term "convicted" as set forth in *Whitfield* applies only to the narrow context of R.C. 2941.25 and does not apply to any statute that refers to an offender who "is convicted of or pleads guilty to an offense," which would include R.C. 2929.14(B)(1)(g).

{¶ 38} The difference between the meaning of "convicted" in R.C. 2941.25(A) and R.C. 2929.14(B)(1)(g) can also be explained by the statutes' respective placement within the Revised Code. R.C. 2941.25 is included among statutes that apply at the indictment stage of a criminal proceeding. *See State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 18. At the indictment stage, there has been no trial, no finding or admission of guilt, and no sentencing

decision. Thus, the use of the term "convicted" at the starting point of the criminal-litigation process could be seen as a general reference to the completion of the process. As described above, this court has previously acknowledged the history of uncertainty about the exact endpoint contemplated in R.C. 2941.25, *see Whitfield* at ¶ 21, 24, 27, but this court resolved the confusion by clarifying that the unique meaning of "convicted" in R.C. 2941.25 includes both the determination of guilt and the sentence, *see id*. at ¶ 26. In contrast, R.C. 2929.14 applies at the sentencing stage of proceedings—after a guilty plea or verdict has been entered and before the trial court has entered its final judgment of conviction and sentence under Crim.R. 32(C). A reference to a "conviction" at this point cannot possibly connote both the determination of guilt and the sentence, because the trial court is in the midst of fashioning its sentencing decision.

{¶ 39} Whatever insight *Whitfield*'s definition of "convicted" provides for the process of merging allied offenses of similar import prior to sentencing, it provides no insight into the process of merging firearm specifications that are attached to the remaining offenses.

{¶ 40} Applying R.C. 2941.25(A) and 2929.14(B)(1)(b) as written would eliminate the "need" to overrule, limit, or clarify *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.3d 182, and *Ford*. Instead, we should acknowledge that the holdings in those cases are consistent with the statutory scheme for sentencing and that the majority's belabored interpretation of them in this case is incorrect. For example, the majority here correctly states that *Ford* does not speak to whether an offender can be sentenced for a firearm specification on a merged count, but *Ford* surely provides our answer: no.

{¶ 41} The principle of law that forms the basis of the decision in *Ford* is that a "firearm specification is contingent upon an underlying felony conviction." *Id*., 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16. This court specifically tied its reasoning to the wording of the firearm-specification-

sentencing provisions contained in R.C. 2929.14(D), *see id.*, which is now codified in R.C. 2929.14(B), *see* 2011 Am.Sub.H.B. No. 86. And the placement of the relevant statutes within the Revised Code "confirms that the firearm specification is merely a sentence enhancement." *Ford* at ¶ 17. Although this court in *Ford* used the foregoing reasoning to explain the impossibility of merging a firearm specification with a criminal offense, this context does not prevent us from using the same reasoning to explain the impossibility of imposing a sentence for a firearm specification to enhance a conviction that no longer exists for purposes of sentencing. By focusing on the specific factual context in *Ford* rather than the principles of law controlling the conclusion in *Ford*, the majority's distinction of *Ford* is inadequate.

{¶ 42} In the only portion of its decision that resembles a plain-language analysis, the majority now holds that a trial court must impose prison terms for firearm specifications even though the felony underlying the specification has been merged, because R.C. 2929.14(B)(1)(g) states that it applies "whenever the offender has pleaded guilty to (or been found guilty of) multiple felony offenses and multiple specifications," majority opinion at ¶ 19, and because the statute does not articulate any exception for merged offenses, *see id.* But given that all sentences under Ohio law are imposed when an offender "is convicted of or pleads guilty to an offense," R.C. 2929.01(EE), and given that *Whitfield*'s alternative definition of "conviction" is irrelevant to postmerger sentencing considerations, the language in R.C. 2929.14(B)(1)(g) regarding pleading guilty or being found guilty does not create any exception to the prohibition against imposing punishment for allied offenses of similar import that have been merged. And given that allied offenses have already merged and the state has already elected which of the offenses should proceed to sentencing at the point that the trial court is applying R.C. 2929.14, there is no reason for the statute to articulate an exception to the merger that has already occurred. Additionally, R.C. 2929.14(C)(1), which governs

the order in which the prison terms for felony offenses and firearm specifications should be served, indicates that prison terms for specifications are imposed in connection with whatever sentence is imposed "for the underlying felony." Although the statute governing the merger of firearm specifications, R.C. 2929.14(B)(1)(b), provides an exception to merger for firearm specifications attached to the felony offenses listed in R.C. 2929.14(B)(1)(g), the statute that governs the order in which the prison terms for a firearm specification and its "underlying felony" are to be served, R.C. 2929.14(C)(1), provides no exception.

{¶ 43} Finally, the majority proceeds in its analysis to apply canons of statutory construction as if the language in R.C. 2929.14(B)(1)(g) and 2941.25(A) were ambiguous. The majority relies on, but does not cite, R.C. 1.51 ("the special or local provision prevails as an exception to the general provision") and 1.52 ("the statute latest in date of enactment prevails") to discern the meanings of R.C. 2929.14(B)(1)(g) and 2941.25(A). Both of these codified canons of construction state frankly that they must be used only if there is an "irreconcilable" conflict between the provisions being construed. R.C. 1.51 and 1.52(B). There is a palpable difference between the resolution of irreconcilable statutory language and a plain-language approach to statutory construction. For the final portion of the majority's analysis to be relevant, it would first need to explain why the language in R.C. 2929.14(B)(1)(g) is ambiguous. *See Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 8, quoting *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16 ("Without 'an initial finding' of ambiguity, 'inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate' "). The majority would also need to explain why the rule of lenity would not prohibit construction of the applicable statutory language in a way that allows for increased sentences to be imposed on a defendant for merged offenses. *See State v. Pendergrass*, 162 Ohio St.3d 25, 2020-Ohio-3335, 164 N.E.3d 306,

¶ 25, quoting *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, ¶ 38 (holding that when the scope of a criminal statute is ambiguous, the rule of lenity prevents courts from interpreting the statute in a way that would " 'increase the penalty it imposes on a defendant' ").

{¶ 44} Bollar pleaded guilty to involuntary manslaughter, felonious assault, and having a weapon while under a disability. Bollar also pleaded guilty to three firearm specifications of the type described in R.C. 2941.145. The trial court merged the offenses of involuntary manslaughter and felonious assault, and once the state elected to proceed with sentencing for the involuntary-manslaughter offense, R.C. 2941.25(A) prohibited the trial court from imposing any punishment for the felonious-assault offense. The sentence that was imposed for the firearm specification attached to the felonious-assault offense violated R.C. 2941.25(A).

{¶ 45} The two convictions for which Bollar *was* sentenced—involuntary manslaughter and having a weapon while under a disability—were not allied offenses subject to merger, but they were part of the same act or transaction. The trial court would normally be prohibited from imposing more than one prison term for the specifications under R.C. 2929.14(B)(1)(b). The two counts that remained after the trial court's merger decision—involuntary manslaughter and having weapons while under a disability—are not listed in R.C. 2929.14(B)(1)(g) and therefore do not make Bollar eligible for cumulative firearm-specification sentences. However, Bollar's plea of guilty to felonious assault triggered the exception to R.C. 2929.14(B)(1)(b), requiring the trial court to impose prison terms "for each of the two most serious specifications" in connection with the remaining felonies under R.C. 2929.14(B)(1)(g). The firearm specifications attached to Bollar's involuntary-manslaughter and having-a-weapon-while-under-a-disability counts were the only two remaining specifications and therefore the two most serious specifications. Accordingly, the trial court should have imposed prison

terms for each of the two remaining specifications, and its failure to do so violated R.C. 2929.14(B)(1)(g).

{¶ 46} Because the statutes are reconcilable as described above, we must apply their plain language and give effect to each. The imposition of prison terms for two firearm specifications is required under the facts of this case, but not for the two offenses identified by the majority and the Fifth District and not for the reasons articulated by the majority opinion. The trial court must impose prison terms for the firearm specifications connected to the offenses of involuntary manslaughter and having a weapon while under a disability, based on the plain language of R.C. 2929.14(B)(1)(g) alone, without any need to garble the meaning of R.C. 2941.25 or this court's analyses in *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, and *Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498.

{¶ 47} I would therefore reverse the judgment of the Fifth District Court of Appeals, which affirmed the trial court's sentencing decision, and I would remand the cause to the trial court with instructions to vacate the three-year sentence imposed for the firearm specification that was attached to the merged felonious-assault offense and to impose a three-year sentence for the firearm specification that was attached to the having-a-weapon-while-under-a-disability offense.

{¶ 48} Accordingly, I respectfully dissent.

STEWART and BRUNNER, JJ., concur in the foregoing opinion.

_____

Kyle L. Stone, Stark County Prosecuting Attorney, and Timothy E. Yahner, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Max Hersch, Assistant Public Defender, for appellant.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Byers Emmerling, Assistant Attorney General, urging affirmance for amicus curiae, Ohio Attorney General Dave Yost.

January Term, 2022

_____