**[Cite as *State v. Hendrix*, 2024-Ohio-230.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                   :          APPEAL NO.   C-230310
                                                            TRIAL NO.    B-2002224
    Plaintiff-Appellee,                :

  vs.                                           :          *O P I N I O N.*

ANTONIO HENDRIX,                                 :

    Defendant-Appellant.               :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed and Cause Remanded

Date of Judgment Entry on Appeal: January 24, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian T. Goldberg*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

**{¶1}** Defendant-appellant Antonio Hendrix appeals from his sentencing following the remand to the trial court after his previous appeal. Hendrix argues that the trial court erred by failing to announce his correct sentence in his presence and that the sentencing entry contains a clerical error that must be corrected. For the following reasons, we remand the cause for the trial court to correct its sentencing entry, but we affirm the judgment of the trial court in all other respects.

### I. Factual and Procedural History

**{¶2}** Hendrix was convicted by a jury of one count of aggravated robbery (Count 1), three counts of kidnapping (Counts 2, 3, and 4), and one count of having weapons while under disability (Count 5). The robbery and kidnapping counts carried firearm specifications. Hendrix was sentenced on all counts, with an aggregate sentence of 26 to 31 years. In his first appeal, this court remanded the cause with instructions to merge Count 1 with Count 2.

**{¶3}** On remand, Hendrix appeared before the trial court for a new sentencing hearing. At the sentencing hearing, the state elected to pursue the kidnapping count, and the aggravated-robbery count was merged into the kidnapping count. The court then imposed a sentence of ten years on the kidnapping count, plus three years consecutive for the firearm specification. The court also imposed a three-year consecutive sentence on the firearm specification to the aggravated-robbery count, as required by *State v. Bollar*, 171 Ohio St.3d 678, 2022-Ohio-4370, 220 N.E.3d 690. The trial court also reimposed the sentence previously imposed for the remaining counts to run concurrently with the sentence on the first kidnapping count. The aggregate sentence following resentencing is an indefinite sentence of 16 to 21 years.

**{¶4}** After the court announced the sentence, the prosecuting attorney informed the court:

> Judge, the only thing I have to add is, when you were going through Counts 3 and 4, you didn't address the gun specifications that he was found guilty of on Counts 3 an[d] 4. I understand it's already been decided, and those should run concurrently with the time that he got on Counts 2 and 1.

In response, the court stated, "Very good. So amended." Defense counsel made no objection or other comment about the issue.

**{¶5}** Following the hearing, the sentence that was entered differed from that announced in court. The sentencing entry shows that both Count 1 and Count 2 were merged into the other, and it contains a sentence for neither of those two counts. Additionally, the sentencing entry shows sentences on two specifications to Count 3.

**{¶6}** This appeal timely followed.

## II. Analysis

**{¶7}** On appeal, Hendrix raises two assignments of error for our consideration. We address each in turn.

### A. First Assignment of Error

**{¶8}** In his first assignment of error, Hendrix argues that the court erred when it entered sentences on the firearm specifications to Counts 3 and 4 that were not announced in open court, violating his due-process rights. *See State v. Coach*, 1st Dist. Hamilton No. C-990349, 2000 Ohio App. LEXIS 1901, 5 (May 5, 2000), citing Crim.R. 43(A).

**{¶9}** Crim.R. 43(A) provides that "the defendant must be physically present

3

at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." "If the judgment entry differs from the sentence announced in open court, and there is nothing in the record to demonstrate that the defendant was present at the time the different or modified sentence was imposed," then the sentence is invalid and this court must remand the cause for resentencing. *Coach* at 6.

**{¶10}** Hendrix argues that the trial court erred by journalizing sentences on the firearm specifications that were not announced in his presence.

**{¶11}** The Ohio Supreme Court has held that "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only*." (Emphasis sic.) *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

**{¶12}** In Hendrix's first appeal, we vacated his sentences only on Counts 1 and 2, with instructions to resentence Hendrix only as to those counts. *State v. Hendrix*, 1st Dist. Hamilton No. C-210679, 2023-Ohio-17, ¶ 31. We affirmed his sentences on the remaining counts. *Id.* Consequently, Hendrix's sentences on the remaining counts were not open to revision by the trial court. *See State v. White*, 1st Dist. Hamilton No. C-230165, 2023-Ohio-439, ¶ 10, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15 ("[W]hile a remand for a new sentencing hearing generally anticipates a de novo sentencing hearing, only the sentences for the offenses that were affected by the appealed error are reviewed de novo. The sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review."). As such, Hendrix's sentences on Counts 3 and 4 are not subject

to review at this time.

{¶13}   We overrule Hendrix's first assignment of error.

### B. Second Assignment of Error

{¶14}   In his second assignment of error, Hendrix points out that the sentencing entry does not accurately reflect what was stated in open court. Specifically, the sentencing entry incorrectly shows that both Counts 1 and 2 were merged into the other, and there is no sentence provided for either of those counts. Additionally, the sentencing entry reflects sentences for two specifications on Count 3 instead of one.

{¶15}   The state concedes that the sentencing entry is in error.

{¶16}   Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "A nunc pro tunc entry may be used to correct a sentencing order, as long as the nunc pro tunc entry reflects what the court actually did, and is not an attempt to modify the court's judgment." *State v. Houston*, 1st Dist. Hamilton No. C-130429, 2014-Ohio-3111, ¶ 42.

{¶17}   Consequently, we sustain Hendrix's assignment of error and remand the cause to the trial court for the limited purpose of correcting this error with a nunc pro tunc judgment entry.

### III. Conclusion

{¶18}   For the foregoing reasons, we overrule Hendrix's first assignment of error, but we sustain his second. Accordingly, we affirm the trial court's judgment, but remand the cause for the trial court to issue a nunc pro tunc judgment entry correcting the clerical error.

Judgment affirmed and cause remanded.

**WINKLER** and **KINSLEY, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.