[Cite as *In re Change of Name N.C.J. to B.A.J.*, 2024-Ohio-2474.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: CHANGE OF NAME
N.C.J. TO B.A.J.

C.A. No.  23AP0032

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.  2023PB-N 000464

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

FLAGG LANZINGER, Judge.

**{¶1}** B.A.J. appeals the judgment of the Wayne County Probate Court denying her application to seal the records of her name change. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

**{¶2}** B.A.J was born with the name N.C.J. On May 5, 2023, B.A.J. filed a name change application with the Wayne County Probate Court to reflect her gender identity. B.A.J. also filed an application to waive publication requirements of the name change hearing and to seal the record.

**{¶3}** In her application to waive publication requirement and seal file, she wrote, "For my safety, as I now present as female and go by the name [B.A.J.] in all areas of my life. I have been presenting this way for over a year now." B.A.J. did not attach exhibits to support the application, nor did B.A.J. check the box indicating that exhibits were attached.

**{¶4}** The trial court held a hearing to address B.A.J.'s applications. At the hearing, the court took evidence regarding B.A.J's assertion that public notice of the hearing and public records would jeopardize her safety. Following the hearing, the trial court granted the name change application in a written order, but denied the application to seal the record. In denying the application for sealing the record, the court reasoned that B.A.J.'s "generalized concern that individuals who transition from male to female or vice versa face a risk to personal safety" did not meet the burden of proof required to seal the record. B.A.J. now appeals raising one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

**THE PROBATE COURT ERRED IN DENYING APPELLANT'S APPLICATION TO SEAL THE RECORD.**

**{¶5}** B.A.J. argues that the trial court misapplied R.C. 2717.11 and Sup.R. 45 when it denied her motion to seal the record. We agree.

**{¶6}** "Generally, an appellate court reviews a trial court's decision regarding a motion to expunge and seal the record under an abuse of discretion standard." *State v. Inscho*, 2d Dist. Greene No. 2018-CA-27, 2019-Ohio-809, ¶ 12, citing *State v. Pierce*, 10th Dist. Franklin No. 06AP-931, 2007-Ohio-1708, ¶ 5. The term abuse of discretion is used to indicate that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** R.C. 2717.11 sets out the requirements for the sealing of records and waiver of hearing notice for an application to change a name and reads:

> If an applicant submits to the court, along with the application, satisfactory proof that open records of the name change or conformity, or publication of the hearing

notice under section 2717.08 of the Revised Code, would jeopardize the applicant's personal safety, both of the following apply:

(A) The court shall waive the hearing notice requirement.

(B) If the court orders the change of name under section 2717.09 of the Revised Code * * * the court shall order the records of the proceeding to be sealed and to be opened only by order of the court for good cause shown or at the request of the applicant for any reason.

{¶8} The plain language of R.C. 2717.11 requires the probate court to determine if the proof submitted with the application to waive the publication of the hearing notice and seal the record is satisfactory. If an applicant submits satisfactory proof with the application for name change that publication of the hearing notice would jeopardize the applicant's personal safety, the probate court shall waive the name change hearing notice requirement and shall order the records of the proceeding to be sealed.

{¶9} Here, B.A.J. filed a name change application and an application to waive the publication requirement and seal the file. The trial court held a hearing to consider B.A.J.'s application to waive publication and seal the record. After the hearing, the trial court granted B.A.J.'s application for name change without following the publication requirement but denied B.A.J.'s application to seal the record.

{¶10} However, the record does not reflect that the trial court determined that B.A.J. did, or did not, attach satisfactory proof to her name change application showing that open records or published notices would jeopardize her personal safety. R.C. 2717.11 requires the applicant to submit proof, along with the application, that open records and publication would jeopardize her personal safety. The statute requires the trial court to determine whether the applicant met her burden and rule on the application for waiver of the publication and sealing of the records consistent with the threshold determination. In the absence of the threshold determination, any

further determination regarding the sealing of the record is premature. Because the trial court failed to determine if B.A.J. attached satisfactory proof to her application showing that open records or published notices would jeopardize her personal safety, this Court is compelled to reverse and remand the matter to the trial court.

{¶11} To the extent that B.A.J. has requested this Court to reverse the trial court's order, her assigned error is sustained. The remainder of her assigned error is premature.

### III.

{¶12} B.A.J.'s assignment of error is sustained in part. The judgment of the Wayne County Probate Court is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

No costs are taxed.

_____

JILL FLAGG LANZINGER
FOR THE COURT


STEVENSON, P. J.
CONCURS.

SUTTON, J.
CONCURRING IN PART, AND DISSENTING IN PART.

**{¶13}** I agree with this Court's decision to reverse the judgment of the trial court.

However, I dissent, in part, because I believe the law requires this Court to reverse the trial court's

judgment on the merits.

**{¶14}** The plain language of R.C. 2717.11 states:

If an applicant submits to the court, along with the application, satisfactory proof that open records of the name change or conformity, or publication of the hearing notice under section 2717.08 of the Revised Code, would jeopardize the applicant's personal safety, *both of the following apply*:

The court shall waive the hearing notice requirement.

*If the court orders the change of name* under section 2717.09 of the Revised Code * * * *the court shall order the records of the proceeding to be sealed* and to be opened only by order of the court for good cause shown or at the request of the applicant for any reason.

(Emphasis added.)

**{¶15}** The majority misconstrues the procedural history and the law. The record here

clearly shows that B.A.J. met the procedural requirement of R.C. 2717.11 and submitted

satisfactory proof that open records of B.A.J.'s name change would jeopardize B.A.J.'s personal

safety. That is demonstrably evident from the trial court's decision to waive the publication notice

*prior to* its consideration of whether to grant the name change at the name change hearing in accordance with R.C. 2717.11(A), which was the *only* hearing required in this matter. As such, the trial court, under R.C. 2717.11(B), was required to order the records of the proceedings to be sealed when it ordered the change of name.

{¶16} According to the record, B.A.J. submitted the application for change of name, using the forms provided by the trial court, which included a form to waive the hearing notice and seal the records of the proceedings due to safety issues. B.A.J. indicated, on the form titled "application to waive publication requirement and seal file[,]" that public notice of the hearing and open records on the name change proceedings would jeopardize B.A.J.'s personal safety. B.A.J. also provided the specific reason for B.A.J.'s safety concerns. Upon review of the application, pursuant to R.C. 2717.11(A), the trial court scheduled a name change hearing without requiring publication of the hearing notice. Further, at the name change hearing, the trial court, having reviewed the application, specifically indicated it had already made the decision not to publish notice of the hearing, stating: "[t]he change of name won't be published in the paper so that is not even an issue." In accordance with R.C. 2717.11(B), *if* the trial court then granted B.A.J.'s name change, which it did, the records of the proceedings *must* be ordered sealed.

{¶17} The General Assembly, in drafting this statute, made clear if the applicant for the name change submitted satisfactory proof that the applicant's personal safety would be jeopardized, the trial court "shall waive the hearing notice requirement." The record reflects B.A.J. submitted satisfactory proof that her personal safety would be jeopardized as evidenced by the trial court's waiver of the hearing notice requirement. The majority's decision overreaches and steps into the shoes of the General Assembly to create an additional requirement after the trial court had already waived the hearing notice requirement for an applicant seeking privacy in changing the

applicant's name for safety purposes that the General Assembly did not mandate. *See State v. Bollar*, 171 Ohio St.3d 678, 2022-Ohio-4370, ¶ 10. "If the statute's language is plain and unambiguous, we apply it as written." *Id.*, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996).

**{¶18}** In addition, the majority also overreaches in this appeal by creating and implementing an adversarial process where the General Assembly has not created one. Rather than addressing and reversing this matter on the merits, the majority sets up a procedural question not raised in this appeal, fashions an adversarial argument that goes against B.A.J.'s interests, and then relies on its own argument to support its decision. B.A.J. does not raise as an assigned error whether or not the trial court properly waived the notice requirement in this matter. Indeed, the majority opinion constructs a procedural issue and situation, by which the trial court might take away the protections already granted to B.A.J., which include waiving the hearing notice requirement and granting the name change. The majority's conclusion that "the record does not reflect that the trial court determined that B.A.J. did, or did not, attach satisfactory proof to her name change application showing that open records or published notices would jeopardize her personal safety[,]" ignores the record itself. The trial court's waiver of the hearing notice requirement makes it abundantly clear that B.A.J. *did* attach satisfactory proof to the name change application that published notices or open records would place B.A.J.'s personal safety in jeopardy. To conclude otherwise ignores the plain and unambiguous language of R.C. 2717.11(A) and (B) and the record in this matter.

{¶19} Because the trial court did not require publication of the hearing on B.A.J.'s name change, and subsequently granted the name change, it erred in failing to seal the record of the proceedings in compliance with the plain language of R.C. 2717.11(A) and (B).

{¶20} I would reverse this matter on the merits and direct the trial court to seal the record in accordance with R.C. 2717.11.

APPEARANCES:

KRISTOPHER IMMEL, Attorney at Law, for Appellant.