[Cite as *State v. Flanik*, 2024-Ohio-1689.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113145 |
| v. | : | |
| JULIA FLANIK, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674806-B

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Dominic Neville, Assistant Prosecuting Attorney, *for appellee*.

Jonathan N. Garver, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Julia Flanik ("appellant") appeals her conviction and sentence in this case. Upon review, we affirm.

{¶ 2} On October 27, 2022, appellant was indicted under a multi-count indictment along with a codefendant, Dashon Harris. The case proceeded to a jury

trial for both appellant and Harris. The victim, who is appellant's mother, testified in the matter, as did other witnesses for the state.

{¶ 3} The victim testified that appellant and Harris have a child together. For a period, they resided with the victim. Eventually, they moved to their own apartment. Appellant worked, but Harris did not. At times, the victim willingly provided appellant and Harris with money.

{¶ 4} On September 25, 2022, appellant sent a text to the victim inquiring about when the victim was getting paid. After a brief exchange of texts, the victim stated, "[s]ee you Thursday" and planned for Harris to come and pick up money from her then. On Thursday, September 29, 2022, Harris arrived at the victim's home. The victim already had withdrawn money and was not planning to visit the ATM that day. The victim testified that she gave Harris "a couple hundred dollars and 40 [dollars]," but it was not enough for him. Harris demanded more money, broke the victim's television, struck the victim in the face, threatened the victim, and put a gun to the victim's mouth. The victim testified she did not have any more money and needed to save her money for rent and her bills.

{¶ 5} Appellant, who was not present in the victim's home during the assault, was outside in the car with her child. Harris made the victim go with him to the bank, and they were driven there by appellant. The victim testified she was afraid of Harris, and she did not want anything to happen to appellant, who is her daughter. When they arrived at the bank, appellant used the victim's bank card to withdraw money from the ATM. Photographs and video evidence depicted

appellant as appearing calm when making the withdrawal. Appellant then drove the victim home, and the victim was dropped off in the street.

{¶ 6} The victim went to work where the injuries to her face were noticed by others. The police were called, and the victim told the police what happened. An officer testified that the victim was extremely upset. The victim also went to the bank later that day to set up a new account because her account had been compromised.

{¶ 7} Other testimony and evidence were provided in the matter, which this court has reviewed.

{¶ 8} The trial court granted appellant's Crim.R. 29 motion for acquittal as to Count 4 for endangering children. Only Harris was charged under Count 2 with felonious assault. Appellant was found guilty of Count 1 for aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(1), and guilty of Count 3 for abduction, a felony of the third degree in violation of R.C. 2905.02(A)(1), along with the accompanying three-year firearm specification and forfeiture of a weapon specification on each of those counts. Appellant was found not guilty of the accompanying one-year firearm specification on each of those counts.

{¶ 9} The trial court found Counts 1 and 3 to be allied offenses of similar import, and the state elected to proceed with sentencing on Count 1. The trial court sentenced appellant to three years on each of the three-year firearm specifications for Counts 1 and 3, for a total of six years, to be served prior to and consecutive to an indefinite prison term of four to six years on the base charge on Count 1.

{¶ 10} Appellant timely filed this appeal. She raises nine assignments of error for review.

{¶ 11} Under the first assignment of error, appellant claims there is insufficient evidence to support her conviction for aggravated robbery. When determining whether a verdict is supported by sufficient evidence, "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When evaluating the sufficiency of the evidence, a reviewing court considers "whether the evidence, 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Pountney*, 152 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶ 19, quoting *Jenks* at paragraph two of the syllabus.

{¶ 12} Appellant was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1), which provides in pertinent part that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"

{¶ 13} An offender may be found guilty of aggravated robbery by being complicit in an aggravated robbery. *See* R.C. 2923.03(F). For complicity, R.C.

2923.03(A) provides in pertinent part that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * aid or abet another in committing the offense." R.C. 2923.03 (A)(2). To aid or abet means "'[t]o assist or facilitate the commission of a crime, or to promote its accomplishment.'" *State v. Johnson*, 93 Ohio St.3d 240, 243, 754 N.E.2d 796 (2001), quoting *Black's Law Dictionary* 69 (7th Ed.1999). "'Aiding and abetting may be shown by both direct and circumstantial evidence.'" *State v. Shepard*, 8th Dist. Cuyahoga No. 112225, 2023-Ohio-4791, ¶ 69, quoting *State v. Gardner*, 8th Dist. Cuyahoga No. 111506, 2023-Ohio-307, ¶ 35.

{¶ 14} Our review of the record reflects that this is not a case of mere presence at the scene of the crime.[1] Although the testimony reflects that appellant was outside in the car while Harris went into the victim's home, assaulted the victim, and displayed a weapon to the victim, appellant was not indicted for the felonious assault. Pertinent hereto, there is evidence in the record that implicates appellant in the commission of the aggravated robbery that ensued.

{¶ 15} The testimony and evidence show that appellant assisted and cooperated with Harris in the commission of the aggravated robbery by driving the victim and Harris to the ATM and by using the victim's bank card to withdraw money from the ATM. The victim testified that while in the car, she was scared and

---

[1] Contrary to appellant's argument, this case is not similar to *State v. Langford*, 8th Dist. Cuyahoga No. 83301, 2004-Ohio-3733, in which the record was devoid of evidence that would implicate Langford in the commission of the robberies involved in that case beyond Langford's mere presence in the vehicle at the scene of the crime and his association with the offender.

stated, "Please, I don't want to do this. I can't do this. I can't afford this." Photographs and video evidence were introduced depicting appellant as she was withdrawing the money. Appellant then drove the victim home and dropped her off in the street. That appellant shared the criminal intent of the principal may be inferred from the circumstances surrounding the crime. *See Johnson* at 246; *see also Shepard* at ¶ 69.

{¶ 16} After viewing this and the other testimony and evidence presented in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt and that appellant was complicit in committing the offense of aggravated robbery. The first assignment of error is overruled.

{¶ 17} Under the second assignment of error, appellant claims her conviction is against the manifest weight of the evidence. When evaluating a claim that a verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, at ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs

heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 18} Appellant incorporates the arguments she presented under her first assignment of error. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed. Although appellant challenges the testimony and evidence that was provided, this is not the exceptional case in which the evidence weighs heavily against the conviction. We are not persuaded by appellant's arguments otherwise. The second assignment of error is overruled.

{¶ 19} Under the third assignment of error, appellant argues that the trial court committed plain error and violated appellant's right to confront witnesses against her by permitting the state to introduce an out-of-court statement that was made by her nontestifying codefendant during a police interrogation.

{¶ 20} Initially, we recognize that contrary to appellant's argument, the challenged testimony was not elicited by the state. Rather, the testimony was provided upon cross-examination of the detective by Harris's counsel. During cross-examination, the detective was asked by Harris's counsel about statements made by Harris about what he did on the day of the incident, which according to Harris's initial statement "was all consensual." The detective confirmed that Harris indicated he went and saw the victim, the victim gave them money, and they went

to an ATM together. The detective then confirmed the following questions from Harris's counsel:

Q. You asked [Harris] how much money, correct?

A. Yes.

Q. And he said you would have to ask Julie, correct?

A. And he expanded, 3- or $400, yes.

{¶ 21} In context, the above testimony did not implicate appellant in a robbery. Furthermore, even if such an inference could be made from the limited testimony provided, we do not find any prejudice occurred. The record reflects appellant was captured withdrawing money from the ATM.

{¶ 22} Although appellant cites to *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and related authority with regard to his right to confrontation, it has been recognized that a *Bruton* violation may be harmless. *State v. Gerald*, 4th Dist. Scioto No. 12CA3519, 2014-Ohio-3629, ¶ 67-68; *State v. Edwards*, 11th Dist. Lake No. 2012-L-034, 2013-Ohio-1290, ¶ 39-40; *State v. Moritz*, 63 Ohio St.2d 150, 156, 407 N.E.2d 1268 (1980). Upon our review of the record, we find that even if *Bruton* were applicable herein, the contested codefendant statement did not prejudice appellant in light of the overwhelming evidence implicating appellant and that any potential error in the admission of the

statement was harmless beyond a reasonable doubt. We also find no plain error occurred with regard to this testimony.[2]

{¶ 23} Under the fourth assignment of error, appellant claims the trial court committed plain error by allowing the detective to express his personal opinion about the veracity of certain statements made by Harris. The detective was asked about statements during the interview in which Harris kept saying, "It's me. It wasn't [appellant]," to which the detective indicated, "Sometimes people aren't very sincere with their responses and in an attempt to try and get somebody else out of trouble." Counsel for Harris elicited similar testimony during his cross-examination of the detective about similar words in the detective's written report.

{¶ 24} Because appellant did not object to the challenged testimony from the detective, she must demonstrate that plain error occurred. To establish plain error, appellant "must show that an error occurred, that the error was obvious, and that there is 'a reasonable probability that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis deleted.) *State v. McAlpin*, 169 Ohio St.3d 279, 2022-Ohio-1567, 204 N.E.3d 459, ¶ 66, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. "Notice of plain error 'is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Neyland*, 139 Ohio St.3d 353,

---

[2] We note that no objection was made concerning the best evidence rule, which is raised by appellant on appeal.

2014-Ohio-1914, 12 N.E.3d 1112, ¶ 177, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 25} Here, even if we assume the challenged testimony was improperly admitted, there is no reasonable probability that the error resulted in prejudice. The victim testified to appellant's involvement in the commission of the aggravated robbery, and the jurors were able to observe the evidence depicting appellant withdrawing money from the ATM. No outcome-determinative plain error can be said to have occurred. The third and fourth assignments of error are overruled.

{¶ 26} Under the fifth assignment of error, appellant claims the trial court erred by permitting highly prejudicial hearsay testimony of statements made by the victim to the banker concerning the aggravated-robbery incident.

{¶ 27} "'A trial court has broad discretion regarding the admission of evidence, including whether evidence constitutes hearsay and whether it is admissible hearsay.'" *Shepard*, 8th Dist. Cuyahoga No. 112225, 2023-Ohio-4791, at ¶ 74, quoting *State v. Wingfield*, 8th Dist. Cuyahoga No. 107196, 2019-Ohio-1644, ¶ 29. A reviewing court will not reverse a trial court's ruling on evidentiary issues "absent an abuse of discretion and proof of material prejudice." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 181, citing *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 116.

{¶ 28} Under Evid.R. 803(2), the excited-utterance exception, "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition," is "not excluded by the

hearsay rule, even though the declarant is available as a witness[.]" "There is no *per se* amount of time after which a statement can no longer be considered to be an excited utterance." (Emphasis sic.) *State v. Taylor*, 66 Ohio St.3d 295, 303, 612 N.E.2d 316 (1993). "The central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may *not* be a result of reflective thought." (Emphasis sic.) *Id.*

{¶ 29} In the present case, the victim went to her bank later during the day of the aggravated robbery and informed the bank employee that her account had been compromised. The bank employee testified that the victim "was completely beside herself. She was crying the whole time, just very upset and still nervous and anxious." The bank employee then testified to statements from the victim describing how her account was compromised. Even if the challenged statements do not qualify as excited utterances, we find no material prejudice resulted. The victim testified to the events that transpired, and other evidence was introduced showing appellant's involvement in the aggravated robbery. Furthermore, in light of the other testimony and evidence in the matter, any error that occurred regarding the admission of the challenged testimony did not affect appellant's substantial rights and was harmless error. *See* Crim.R. 52(A). Accordingly, we overrule the fifth assignment of error.

{¶ 30} Under her sixth assignment of error, appellant claims the trial court committed prejudicial error by refusing to allow cross-examination of the investigating officer concerning the alleged physical abuse of appellant by Harris

and what he learned about their relationship, which appellant claims would have supported her defense of duress. However, it is clear from the record that counsel was not asking about the detective's personal knowledge of any such abuse but was asking about information the detective learned from others during his investigation. The trial court determined that what the detective learned from other people is hearsay. We find no abuse of discretion by the trial court. The sixth assignment of error is overruled.

{¶ 31} Under her seventh assignment of error, appellant claims the trial court erred by refusing to instruct the jury on the defense of duress. We review a trial court's refusal to provide a requested jury instruction for an abuse of discretion. *State v. Simes*, 8th Dist. Cuyahoga No. 103672, 2016-Ohio-7300, ¶ 33, citing *State v. Leonard*, 8th Dist. Cuyahoga No. 98626, 2013-Ohio-1446, ¶ 33. "[T]he defense of duress is extremely limited and should only be applied in rare instances." *Id*., citing *State v. Cross*, 58 Ohio St.2d 482, 488, 391 N.E.2d 319 (1979). To warrant an instruction for duress, "All the conditions must be met, and the court must find as a matter of law that the evidence is sufficient to warrant an instruction on the affirmative defense of necessity or duress." *Cross* at 488. "One of the essential features of the defense of duress is a sense of immediate, imminent death, or serious bodily injury if the actor does not commit the act as instructed." *State v. Getsy*, 84 Ohio St.3d 180, 199, 702 N.E.2d 866 (1998), citing *Cross* at 487.

{¶ 32} The record herein reflects that although the victim testified to Harris's controlling behavior and indicated she was afraid of Harris and did not want

anything to happen to appellant, the victim did not testify that Harris indicated he was going to harm appellant, and the victim did not testify to any statements made to or by appellant that would indicate appellant acted out of fear for her life or great bodily harm. The trial court afforded the parties the opportunity to address the issue of duress and allowed for further evidence, but there was a lack of admissible evidence as to any history of physical abuse or violence. In the end, the trial court properly found there was insufficient evidence of duress. Upon our review, we find the trial court did not abuse its discretion by not giving the jury instruction for duress.

{¶ 33} Under her eighth assignment of error, appellant claims she was denied effective assistance of counsel. Appellant argues her trial counsel failed to seek a separate trial, failed to object to the introduction of her codefendant's out-of-court statements and the detective's interpretation of those statements, and failed to adequately separate appellant from her codefendant, who was the principal offender.

{¶ 34} To establish ineffective assistance of counsel, the defendant must show "(1) that defense counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Nicholson*, Slip Opinion No. 2024-Ohio-604, ¶ 318, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * * ." *Strickland* at 689.

{¶ 35} Crim.R. 8(B) permits joinder of defendants where they are alleged to have participated in the same act or series of acts constituting an offense or in the same course of criminal conduct. Crim.R. 14 provides for a court to order a separate trial if the state or defendant are prejudiced by the joinder. Appellant claims that she should have been tried separately from Harris because the state used the nontestifying codefendant's statement against her and because appellant's defense of duress shifted the blame to her codefendant whose defense amounted to a denial the victim had been robbed. However, the record reflects Harris's and appellant's involvement, and appellant presented insufficient evidence that she acted under duress. Contrary to appellant's argument, appellant and Harris did not maintain mutually antagonistic defenses and even if they had, this does not necessarily establish counsel's failure to request to sever constitutes ineffective performance. *See State* v. Groves, 4th Dist. Scioto No. 20CA3902, 2022-Ohio-442, ¶ 86-88; *see also State v. Webster*, 10th Dist. Franklin No. 20AP-171, 2021-Ohio-3218, ¶ 43-45. It is apparent from the record that appellant's trial counsel's strategy was to shift the blame upon Harris and to maintain appellant was not complicit in the offenses charged against her. Furthermore, appellant has failed to demonstrate she was prejudiced by counsel's performance such that there is no reasonable probability the

outcome of the trial would have been different. Because appellant has not established that she received ineffective assistance of counsel, the eighth assignment of error is overruled.

{¶ 36} Under her ninth assignment of error, appellant claims the trial court erred by requiring her to serve an additional three-year mandatory term of imprisonment on the firearm specification in Count 3 when Counts 1 and 3 were found to be allied offenses of similar import and the state elected to proceed on Count 1. In *State v. Bollar*, 171 Ohio St.3d 678, 2022-Ohio-4370, 220 N.E.3d 690, the Supreme Court of Ohio recognized that "R.C. 2941.25's merger provision does not override R.C. 2929.14(B)(1)(g)" and that "R.C. 2929.14(B)(1)(g) requires that courts impose prison terms for the two most serious firearm specifications 'of which the offender is convicted or to which the offender pleads guilty.'" *Bollar* at ¶ 21, 23, quoting R.C. 2929.14(B)(1)(g). As stated in *Bollar*, "[T]he plain language of R.C. 2929.14(B)(1)(g) requires that certain offenders receive prison terms for multiple specifications" and "[t]he statute makes no exception to the application of its provisions if one of the underlying felony offenses has been merged." *Bollar* at ¶ 1, 19; *see also State v. Powell*, 2023-Ohio-2770, 222 N.E.3d 1139, ¶ 98 (8th Dist.), following *Bollar*. Consistent therewith, in this matter, the sentencing court was required to impose separate prison terms for each of the two firearm specifications. Accordingly, the ninth assignment of error is overruled.

{¶ 37} This court has reviewed the entire record and considered all the arguments presented. We are not persuaded by any argument not specifically addressed herein.

{¶ 38} Judgment affirmed.

{¶ 39} It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR